# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**NICOLETA NICA**                                                                 **PLAINTIFF**

v.                                    No. 4:19-cv-77-DPM

**KRYSTAL LOPEZ**                                                              **DEFENDANT**

## ORDER

Nicoleta Nica bought a multi-unit residence on Bailey Place in Hot Springs, Arkansas. In August 2018, Nica hired Lopez as a contractor to renovate the residence. The relationship between Nica and Lopez soured. Nica filed this case in January 2019 asserting several claims against Lopez, who spent the next eight months evading service. She was served by the U.S. Marshal on 19 August 2019. Lopez answered Nica's complaint ten days late. Nica moves to strike Lopez's untimely answer and get a default judgment.

Nica's motion is denied. The Court may accept late filings due to "inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010). Here, the tardiness was marginal neglect, not an intentional violation of the rules. *United States v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993). The return says the Marshal served the summons and complaint, while Lopez says she didn't get the summons. *Compare* № 8 *with* № 11-1. Her lawyer filed

an answer within three days once Lopez realized she was in default. № 9.

Striking the answer and entering default judgment against Lopez would also be inappropriate because Nica has not shown any prejudice. *Johnson v. Dayton Electric Manufacturing Co.*, 140 F.3d 781, 785 (8th Cir. 1998). Plus Lopez has raised procedural and substantive defenses. *Ibid.* After Lopez spent eight months evading service, that she would continue the dispute through litigation cannot have surprised Nica. The eight-month delay undoubtedly caused consternation; but no disadvantage arose from the final ten-day delay.

\* \* \*

Motion to strike and for default judgment, № 10, denied. Because this case centers on Hot Springs, in due course the parties should brief venue. *E.g., Terra International, Inc. v. Mississippi Chemical Corp.*, 119 F.3d 688, 691 (8th Cir. 1997).

So Ordered.

*WPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

6 November 2019