IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**NICOLETA NICA**                                                         **PLAINTIFF**

v.                                 No. 4:19-cv-77-DPM

**KRYSTAL LOPEZ**                                                        **DEFENDANT**

ORDER

1. With the expectation of a loan from a third party, Krystal Lopez agreed to pay Nicoleta Nica $31,500 to dismiss this case with prejudice. The Court, acting on representations from both sides, entered Judgment, reserving jurisdiction until the end of 2021 to enforce the parties' settlement agreement. *Doc. 38.* Lopez's loan fell through. And she says she doesn't have the money to pay. She refuses to sign the settlement agreement and to pay the agreed amount. Nica requests enforcement. To resolve this dispute, the Court applies Arkansas law. *Chaganti & Associates v. Nowotny*, 470 F.3d 1215, 1221 (8th Cir. 2006).

2. Lopez says there is no binding contract, or, if there is one, performance is not required. The Court disagrees. The parties' oral agreement, which they later memorialized, was binding. The facts are not in dispute. The parties negotiated in good faith, made a deal, and put the deal in writing. *Doc. 40 at 1 & 40-1.* The terms of the agreement were clear and there was nothing left to be worked out. *Terra Land*

*Services, Inc. v. McIntyre*, 2019 Ark. App. 118, at 14, 572 S.W.3d 424, 432-33.  The parties agreed to settle and, by giving up her right to proceed in litigation, Nica performed her part.  Her performance occurred on 23 August 2021 when she signed the agreement.

Lopez offers various defenses based on the failed loan.  It's unclear—and Lopez doesn't say—whether Nica knew about Lopez's third-party agreement for the loan.  Even if she did, financial ability, as stated in each comment section of the Restatement defenses Lopez presses, is not the kind of basic assumption that could warrant the discharge or avoidance of Lopez's contractual duties in this instance.  RESTATEMENT (SECOND) OF CONTRACTS § 152(1) & cmt. b (AM. L. INST. 1981).  The second illustration under the Restatement section covering supervening impracticability is fitting and fashioned, in part, on an old Arkansas case:

> A contracts to produce a movie for B.  As B knows, A's only source of funds is a $100,000 deposit in C bank.  C bank fails, and A does not produce the movie.  A's duty to produce the movie is not discharged, and A is liable to B for breach of contract.

RESTATEMENT (SECOND) OF CONTRACTS § 261, Reporter's Note, cmt. b, illus. 2 (AM. L. INST. 1981) (citing *Christy v. Pilkington*, 224 Ark. 407, 273 S.W.2d 533 (1954)).  All of Lopez's contract defenses fail.

* * *

Nica's motion, *Doc. 39*, is granted.  The Court will enter an Amended Judgment.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

29 November 2021